# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

APRIL  J. WOLSTENCROFT,
                    Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-844E-14-0642-I-1

DATE: May 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert R. McGill</u>, Walkersville, Maryland, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1        The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as a Management and Program Analyst at the National Oceanic and Atmospheric Administration (NOAA). Initial Appeal File (IAF), Tab 4 at 88, 117. According to her position description, the principal objective of her position was support for the Protected Resources' Divisions' salmon recovery program, including information management, database systems knowledge, database administration, quality assurance, quality control, customer relations, and public outreach. *Id*. at 88-89. The duties of her position included independent responsibility for planning, coordinating, and performing administrative and management functions; analyzing and advising on changes in policies and resources that affect program objectives; receiving supervisory direction on policies, objectives, and results; and consulting with the supervisor on priorities and unusual situations. *Id*. at 88. The appellant was required to

identify problems, propose solutions, defend recommendations, and write and communicate clear guidelines. *Id*.

¶3     On September 6, 2012, while still employed by NOAA, the appellant applied for disability retirement under FERS. *Id*. at 48-51. She claimed she became disabled due to post-traumatic stress disorder (PTSD), major depressive disorder, anxiety, and panic disorder, complicated by migraine headaches and irritable bowel syndrome. *Id*. at 50-51. On September 5, 2012, OPM issued an initial decision denying the appellant's disability retirement application. *Id*. at 41-43. In pertinent part, OPM found that she had failed to submit sufficient medical evidence to substantiate that she was suffering from a disabling medical condition. *Id*. at 43. Following a request for reconsideration by the appellant, OPM issued a May 29, 2014 reconsideration decision affirming its initial denial of the appellant's application. *Id*. at 7-11.

¶4     Thereafter, the appellant filed an appeal of OPM's reconsideration decision. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision reversing OPM's reconsideration decision. IAF, Tab 18, Initial Decision (ID) at 2, 10.

¶5     OPM has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, OPM contends that the administrative judge erroneously credited the appellant's and her counselor's testimonies. *Id*. at 6. OPM further contends that the administrative judge disregarded facts showing that the appellant (1) was able to continue to work until 2012 despite her claim that she became disabled in 2006, (2) stopped taking medication in 2012, and (3) barely attended any therapy sessions in 2014. *Id*. at 8-9. The appellant has responded to the petition for review. PFR File, Tab 2.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6     An employee bears the burden of proving by preponderant evidence his entitlement to disability retirement. *Henderson v. Office of Personnel*

*Management*, [109 M.S.P.R. 529](link), ¶ 8 (2008); [5 C.F.R. § 1201.56](link)(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) the individual must have completed at least 18 months of creditable civilian service; (2) the individual must, while employed in a position subject to FERS, have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position. [5 U.S.C. § 8451](link)(a); *Henderson*, [109 M.S.P.R. 529](link), ¶ 8; [5 C.F.R. § 844.103](link)(a).

¶7      The administrative judge found that it was undisputed that the appellant timely filed her FERS application, had completed at least 18 months of creditable civilian service, and had not declined a reasonable offer of reassignment to a vacant position. ID at 3. The administrative judge further found that the appellant suffered from PTSD and major depressive disorder that rendered her incapable of useful and efficient service, and that she had shown that her disabling conditions were likely to last for more than a year from September 2012. ID at 8-10. In addition, the administrative judge found that the appellant had shown that accommodation of her conditions in the Management and Program Analyst position was unreasonable and that she was never offered an accommodation to a vacant position. ID at 10.

¶8      The parties do not dispute that the appellant had completed at least 18 months of creditable civilian service and that she had not declined a reasonable offer of reassignment, and we discern no basis for disturbing these findings on review. Therefore, the only remaining issues in this appeal relate to the

appellant's medical condition and its effects on her ability to perform in her former position, i.e., eligibility criteria (2), (3), and (4). For the following reasons, we find that the appellant has met these criteria and is entitled to a disability retirement.

¶9        There are two ways to meet the statutory requirement that an employee "be unable, because of disease or injury, to render useful and efficient service in the employee's position":  (1) by showing that the medical condition caused a deficiency in performance, attendance, or conduct; or (2) by showing that the medical condition is incompatible with either useful and efficient service or retention in the position. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 12-19 (2012); *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2).   Under the first method, an appellant can establish entitlement by showing that her medical condition affected her ability to perform specific work requirements, prevented her from being regular in attendance, or caused her to act inappropriately. *Henderson*, 117 M.S.P.R. 313, ¶ 16.  Under the second method, the appellant can show that the medical condition is inconsistent with working in general, working in a particular line of work, or working in a particular type of setting. *Id*.

¶10       A determination of disability is based on objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence showing the effect of the applicant's condition on her ability to perform the duties of her position. *Id*., ¶ 19.  "OPM must consider all of an applicant's competent medical evidence, and an applicant may prevail based on medical evidence that . . . consists of a medical professional's conclusive diagnosis, even if based primarily on his/her analysis of the applicant's own descriptions of symptoms and other indicia of disability." *Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1041 (Fed. Cir. 2007).

¶11       With regard to diagnoses and medical opinions, the appellant has presented:  (1) a May 15, 2012 letter from her counselor stating that she had first met the

appellant on September 20, 2010, had conducted 41 individual therapy sessions with her, and that she had diagnosed the appellant with PTSD based on the appellant's history of physical and emotional childhood abuse, nightmares, panic attacks, disassociation, and hypervigilance; (2) biweekly therapy notes with her counselor from March 2011 to June 2012, documenting the appellant's symptoms and her progress; (3) an October 23, 2013 letter from her counselor reiterating the appellant's initial diagnosis of PTSD and stating that the appellant also meets the criteria for major depressive disorder, as evidenced by her prolonged periods of sadness, feelings of hopelessness, helplessness, and worthlessness; and (4) her counselor's testimony stating that she is a licensed counselor in the State of Oregon, specializes in adult PTSD, and that she had diagnosed the appellant, using the Diagnostic and Statistical Manual of Mental Disorders-IV, with PTSD and major depressive disorder based on the appellant's self-report, a group therapy report, and sessions with the appellant after an initial diagnosis of anxiety disorder.  IAF, Tab 4 at 27-28, 54-55, 59-87; Hearing Compact Disc (HCD).

¶12     As to evidence of subjective pain and disability, the appellant presented: (1) her counselor's therapy notes from March 2011 to June 2012 recording the subjective complaints the appellant made during office visits; and (2) her own testimony that she became disabled in 2006 and, since then, has been suffering from numerous physical limitations.  IAF, Tab 4 at 59-87; HCD.

¶13     Concerning the effect of the appellant's condition on her ability to perform in her former position, she presented:  (1) descriptions of the duties and requirements of her former position; (2) a May 15, 2012 letter from her counselor stating that the appellant could no longer perform her job duties because they required focus, concentration, and attention to detail, and the appellant's PTSD rendered her incapable of focusing and concentrating; (3) her counselor's testimony that two major components of the appellant's job—significant attention to detail and communication—are nearly impossible for the appellant to engage in when she is experiencing PTSD symptoms and that the appellant's depression had

pervaded all aspects of her life, including her work; (4) her own testimony that her psychiatric conditions result in an inability to focus or concentrate, and therefore prevent her from performing her job, which requires concentration and attention to detail; and (5) an October 23, 2013 letter from the appellant's counselor stating the appellant could not perform the duties of her position, or any similar position, as of May 2011. IAF, Tab 4 at 27-28, 54-55, 88-89; HCD.

¶14 We find that, based on the totality of the evidence, the appellant has met her burden of establishing that, while employed at NOAA, she suffered from a disabling medical condition that was incompatible with useful and efficient service or retention in her position. In particular, we agree with the administrative judge's finding that the appellant was disabled due to PTSD.[2]

¶15 OPM's contentions on review do not provide a basis for disturbing this finding. While OPM contends that the appellant's and her counselor's testimonies are inconsistent with evidence showing the appellant engaged in rock climbing, was enrolled in nursing school, and participated in numerous other outdoor social activities, PFR File, Tab 1 at 6-7, the administrative judge considered the fact that the appellant participated in outdoor activities and was enrolled in classes in her initial decision, ID at 7-8. However, as noted by the administrative judge, the appellant's counselor testified that it was not inconsistent for the appellant to be able to attend classes but not be able to perform her job, because classes are voluntary and there is no pressure, as opposed to her job, which requires responsibility for completing her work and increases her anxiety level. HCD. The appellant's counselor further testified that, even in low pressure environments, the appellant's brain still shuts down. *Id*. Although OPM states that the testimony of the appellant's counselor is not credible because it is based on the appellant's subjective statements, the U.S. Court of Appeals for the Federal Circuit has noted that, because psychological

---

[2] Because we find that the appellant was disabled due to PTSD, we decline to make a finding regarding whether she also was disabled due to major depressive disorder.

issues are often almost exclusively diagnosed based upon patient-reported symptoms, medical reports relying exclusively on an appellant's own description of her psychological symptoms are relevant evidence for purposes of determining disability retirement eligibility. *Vanieken-Ryals*, 508 F.3d at 1042. OPM has not called into question the appellant's counselor's professional competence, has not alleged that the counselor's professional opinions are not based on established diagnostic criteria, or alleged that these opinions are inconsistent with generally accepted professional standards. *See id*. at 1042-43. In addition, OPM has failed to present any medical evidence contrary to that presented by the appellant. *See Henderson*, 117 M.S.P.R. 313, ¶ 23 (it is well established that subjective evidence may be entitled to great weight on the matter of disability, especially where such evidence is not contradicted by the record). Accordingly, we discern no basis for disturbing the administrative judge's decision to credit the appellant's counselor's testimony on this issue.

¶16        OPM also contends that the appellant's performance between 2006 and 2012 was satisfactory and that she received a promotion in February 2007 and numerous cash awards between 2006 and 2012. PFR File, Tab 1 at 8. While OPM's contention may show that the appellant cannot establish entitlement to a disability award under the first method articulated by the Board in *Henderson*, 117 M.S.P.R. 313, ¶ 16, which requires than an appellant show that her medical condition affected her ability to perform specific work requirements, prevented her from being regular in attendance, or caused her to act inappropriately, the appellant may still establish entitlement under the second method. We find that the appellant has established entitlement under the second method because she has shown that her medical condition is inconsistent with working in her position or any similar position. *See id*.

¶17        Regarding the agency's assertions that the appellant did not seek adequate treatment for her conditions, PFR File, Tab 1 at 9, the appellant contended in her disability retirement application and testified that she had complied with all

treatment regimes. IAF, Tab 4 at 50; HCD; *cf. Smedley v. Office of Personnel Management*, [108 M.S.P.R. 31](#), ¶ 23 (2008) (when an employee fails or refuses to follow or accept normal treatment, her disability flows not from the disease or injury itself, as the statute requires, but from her voluntary failure or refusal to take the available corrective or ameliorative action). The appellant stated that her treatment regimes included dialectal behavorial therapy, sensorimotor psychotherapy, prolonged exposure treatment and medication to treat anxiety and panic disorders. IAF, Tab 4 at 50; HCD. The appellant's counselor's statements corroborate that, between 2010 and 2013, the appellant was being treated with dialectical behavioral therapy, sensorimotor psychotherapy, and prolonged exposure treatments with limited success. IAF, Tab 4 at 27. The counselor testified that attempting a medicine regime with the appellant would be difficult because to effectively medicate her would require prescribing a dosage that would knock her out, rendering her incapable of working. *Id*. OPM has not presented any medical evidence that would shed doubt on the appellant's counselor's testimony. *See Henderson*, [117 M.S.P.R. 313](#), ¶ 23.

¶18    We discern no other basis for disturbing the administrative judge's finding that the appellant met her burden of establishing that she suffered from a disabling medical condition that was incompatible with useful and efficient service or retention in her position. While the appellant has not submitted any evidence of relevant objective clinical findings, our reviewing court has found that such evidence is not necessary for an appellant to establish entitlement to a disability retirement. *See Vanieken-Ryals*, 508 F.3d at 1041. We also find the appellant's counselor's conclusions persuasive because they are based on a long familiarity with the appellant and her conditions. *See Tan-Gatue v. Office of Personnel Management*, [90 M.S.P.R. 116](#), ¶ 11 (2001) (the Board gives greater weight to medical conclusions based on a long familiarity with a patient than to those based on a brief association or single examination), *aff'd*, 52 F. App'x 511 (Fed. Cir. 2002).

¶19 Finally, the appellant has met the remaining criteria for establishing entitlement to a disability retirement. The appellant's counselor opined in her October 23, 2013 letter that the appellant's condition had lasted well over 12 months and was likely to be permanent in nature. IAF, Tab 4 at 27-28. We therefore agree with the administrative judge's finding that the appellant established that her PTSD was expected to continue for at least 1 year from September 6, 2012—the date the disability retirement benefits application was filed. ID at 10; *see Henderson*, 109 M.S.P.R. 529, ¶ 8. As noted by the administrative judge, the appellant's supervisor indicated that an accommodation was not possible due to the severity of the appellant's medical condition and the requirements of the position. IAF, Tab 4 at 106. The appellant's supervisor further indicated that reassignment was not possible because there were no vacant positions within the agency for which the appellant met the minimum qualification standards. *Id*. at 107-08. Thus, we discern no basis for disturbing the administrative judge's finding that the appellant established that an accommodation of her disabling medical condition in the Management and Program Analyst position was unreasonable. ID at 10; *see Henderson*, 109 M.S.P.R. 529, ¶ 8.

¶20 Based on the foregoing, we AFFIRM the initial decision reversing OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:       _____
             William D. Spencer
             Clerk of the Board

Washington, D.C.